Harris, J.,
delivered the opinion of the Court.
The defendant in error brought his action of debt against Shelby, who pleaded “nil debet" and payment. There were verdict and judgment for plaintiff below for *198 the sum of $2785 69 debt and damages: a new trial was refused, and the defendant appealed in error to this Court.
The material facts are: Shelby by special contract employed one Smith & Hughes to build him a dwelling-house near the city of Nashville. The undertakers were to furnish all materials, and complete the building for the sum of $20,000.
Smith & Hughes employed Hicks, the defendant in error, to furnish the materials, and do the brick work of said building, which he completed in September, 1855. This being done, for the first time, he applied to Shelby, in January, 1856, for a settlement for his labor and materials, and for payment. They being unable to agree, and Shelby denying his liability to Hicks, he deposited in the post-office at Nashville, a “ notice in writing,” addressed to Shelby, that he looked to him for payment for his work and materials, by the provisions of the act of 1846, ch. 118, Nich. Supp. 222. Shelby having failed to make' payment, this action was instituted by original summons, in the Circuit Court. There was also an attachment prayed for, to enforce his mechanics’ lien .upon the house and' land, but none was ever issued.
Two questions are presented for our determination by this record. 1. Had the plaintiff below a lien upon the house and land, by virtue of the statute? And 2. If he had, could he waive his lien, and proceed personally against the defendant by action of debt?
There is no privity of contract between the parties; and if this action can be maintained at all, it must be by virtue of the statute. The 1st section of the act *199 referred to, provides that when any mechanic or undertaker by special contract with the owner of any lot of ground, or tract of land, or -his agent, shall build or repair, in whole or in part, or furnish materials, or any part of the materials for such building, upon such lot or tract of land, such mechanic or undertaker shall have a lien upon the lot or tract of land, and the improvements, for the term of one year after the work done, or materials furnished, and until the decision of any suit that may be brought within that time - for the debt that may be due such mechanic or undertaker. The second section extends this lien to journeymen workmen employed by the undertaker, and to persons who may furnish him with materials. Provided, “ notice in writing,” of said lien shall be first given to the owner of the lot or tract of land, or his agent, “ at the time the work is begun, or materials furnished.’1'
There can be no doubt but that the mechanic or undertaker, by special contract, with the owner, who has a lien given him by the first section of the act, may proceed by an action against the owner personally, for between him and the owner there is privity of contract.
But such is not the case with the journeymen workmen employed by the undertaker: between such journeymen and the owner there is no privity of contract; and whatever rights he has, as against the owner, must depend alone upon the statute.
Then to avail himself of the benefit of the statute, he must bring himself within its provisions by a compliance with its terms. By which, to fix a liability as to him against the owner, it is necessary that he should *200 “give a notice in writing to the owner, at the time the worh is begun, or materials furnished.”
The defendant in error having ■ failed to give this notice at the time the worh was begun, or materials furnished, nor until some four months after the work was completed, we do not think that he has acquired any lien upon the property. To hold that he had, would he to interpolate a provision, not to be found in the 'statute.
But suppose the notice had been given at the proper time, so as to have fixed his lien, then the statute prescribes his remedy. The 8d section of the act provides “that the lien herein given may be enforced by attachment either at law or in equity.”
As there is no contract between the parties, upon which the action can be maintained, and he is forced to rely upon the statute, he must necessarily bring his case within its provision. And this cannot be done by an action at common law, against the party, but must be by attachment, either at law or in equity, against the property, making the owner a party defendant thereto.
From this view of the case, it will be seen, that to maintain this judgment, it will be necessary to make two interpolations on the statute: one as to the right, and the other as to the remedy.
This we do not feel authorized to do. We have been referred to the cases of Barnes vs. Thompson in 2 Swan, 314, and Brown vs. Brown & McCullough, 2 Sneed’s Rep., 432, as authorities to support this action. The mechanics in both these cases were undertakers, and *201 there was privity of contract between them and the owners of the property.
We do not think, therefore, that they ' have any hearing on the case before ns.
Whether the journeymen workmen, employed by the undertaker, or one who furnishes materials to the undertaker, and gives the required notice, so as to fix his lien upon the specific property, could subject any other property of the owner to the payment of his debt, need not be determined in this case, but should that question arise, it may not be found - free from difficulty.
The judgment must be reversed, and the cause remanded for a new trial.